Judith BLACKARD, Appellant,

v.

**FAIRVIEW FARMS LAND COMPANY, LTD.,**
Appellee.

No. 05–10–00123–CV.

Court of Appeals of Texas,
Dallas.

July 26, 2011.

Judith Blackard, Inola, OK, Dylan O. Drummond, Griffith Nixon Davison, PC, Dallas, for Appellant.

Diren Wickrema Singhe, Craig L. Reese, Fletcher, Farley, Shipman & Salinas, L.L.P., Dallas, for Appellee.

Before Justices MARTIN RICHTER, LANG, and FILLMORE.

## OPINION

Opinion By Justice MARTIN RICHTER.

Judith Blackard appeals from the trial court's order granting Fairview Farms Land Company, Ltd.'s first amended motion for no evidence and traditional summary judgment. In four issues, Blackard generally contends the trial court erred in granting Fairview Farms Land Company, Ltd.'s motion for summary judgment, and alternatively, the appeal should be dismissed for want of jurisdiction. We affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 1, 1998, Fairview Farm Development Company Ltd. (Fairview Farm Development) entered into an office lease agreement to lease property located at 3316 North Central Expressway, Building C, Plano, Texas (the premises) to Elm Fork River Ranch LLC. Blackard signed the lease agreement on behalf of Elm Fork River Ranch LLC, tenant, leasing the premises for her business, Barnyard Buddies, a farm animal petting zoo for children. The lease was amended several times to extend the term of the lease.

In 2006, Blackard began to notice dust and debris coming from the air conditioning vents in her office at the premises. She notified the landlord, Fairview Farm Development, of the problem. In response, Fairview Farm Development explained that due to compressor problems resulting from restricted air flow, it removed two air conditioning filters from the ceiling and placed a filter on the air conditioning unit itself. Fairview Farm Development changed the filters on a monthly basis, had the air conditioning ducts

cleaned, and had the air quality tested. Blackard continued to lease the building until 2007 and dust and debris continued to fall from the vents. .

On June 10, 2008, Blackard sued Fairview Farms Land Company, Ltd. (Fairview Farms Land) for negligence. She asserted she leased the premises from Fairview Farms Land, that Fairview Farms Land was the owner or lessee of the premises, and in possession, custody, and control of the building. She further alleged Fairview Farms Land had a duty to notify her of any hazards on the premises or take steps to make any known hazards safe. Blackard alleged that quartz dust and debris from mineral wool insulation in the attic of the premises fell from the air conditioning vents, causing her to develop severe keratonosis on her scalp and nodules in her lungs.

Fairview Farms Land filed its answer, generally denying the allegations in Blackard's petition. On September 5, 2008, Blackard filed her first amended petition and her attorney moved to withdraw from the case. The court granted counsel's motion to withdraw and from that point forward, Blackard proceeded pro se. The trial court signed a discovery control plan and agreed scheduling order on March 12, 2009. According to the scheduling order, (1) no additional parties could be joined after March 25, 2009, except on motion or leave showing good cause, (2) amended pleadings asserting new causes of action were required to be filed by April 1, 2009, and (3) plaintiff's experts were to be designated by April 8, 2009.

On July 28, 2009, Fairview Farms Land filed its no evidence and traditional motion for summary judgment. In addition to its assertions that Blackard had no evidence to support her claims, Fairview Farms Land argued Blackard had sued the wrong party. Fairview Farms Land's summary judgment evidence included the lease agreement between Blackard and Fairview Farm Development and an affidavit from Rodney O. Haggard, partnership manager for Fairview Farm Development, stating that Fairview Farm Development had owned the premises since February 5, 1990. In his affidavit, Haggard further confirmed that Fairview Farm Development entered into the lease agreement with Elm Fork River Ranch LLC on September 1, 1998.

On August 12, 2009, Blackard filed a second amended petition. Although she did not name Fairview Farm Development as a defendant, she asserted that Fairview Farms Land was doing business as Fairview Farm Development. She further alleged that Fairview Farms Land and Fairview Farm Development were in possession, custody and control of the premises, and were the owners or landlords of the premises at which Blackard's injuries occurred. She also amended her claims to seek damages from both Fairview Farms Land and Fairview Farm Development. Fairview Farms Land filed its second amended answer and a verified affirmative defense that it was not liable in the capacity in which it was sued. Fairview Farms Land also filed a motion to strike Blackard's second amended petition, on the basis that (1) it was filed after the deadline established by the scheduling order, (2) it sought judgment against a non-party, (3) it set forth numerous new causes of action, and (4) it alleged injuries not previously pled. Although the trial court's docket statement indicates that an order was signed granting Fairview Farms Land's motion to strike on September 15, 2009, the record does not contain a copy of a signed order.

On September 9, 2009, Blackard filed a motion seeking leave to amend her petition to add seven additional defendants, including Fairview Farm Development. The

record does not contain any indication that the trial court ruled on this motion. Further, the record does not contain any indication that Blackard attempted to obtain service of process on Fairview Farm Development.

On October 13, 2009, Fairview Farms Land filed its first amended motion for summary judgment. Blackard filed her first amended objection and response to defendant's motion for summary judgment, attaching exhibits A through Z. Blackard also filed a separate document titled "Notice of Intent of Filing of Records and Affidavits," listing seventy-seven items Blackard planned to offer into evidence at trial. Fairview Farms Land then filed its reply in support of summary judgment and a separate objection to Blackard's summary judgment evidence. On December 23, 2009, the trial court signed an order striking Blackard's exhibits D–Q, S, V–Z, and 1–77. The same day, the trial court signed a second order sustaining Fairview Farms Land's objections to plaintiff's summary judgment evidence, and striking Blackard's documents A–Z and exhibits 1–77.

On December 29, 2009, the trial court signed an order granting Fairview Farms Land's motion for summary judgment. On February 1, 2010, Blackard filed an untimely motion to modify, correct, or reform the judgment complaining that the judgment was erroneous because her summary judgment evidence had been stricken. Also on February 1, 2010, Blackard filed an untimely notice of appeal.

## JURISDICTION

In her first issue, Blackard addresses the question of whether her notice of appeal was filed timely. The trial court granted summary judgment on December 29, 2009. On January 19, 2010, Blackard filed several documents with the trial court, including a motion to accelerate appeal, an affidavit of inability to pay the costs of appeal, and a motion for free appellate record. Her notice of appeal was due on January 28, 2010. However, Blackard did not file her pro se notice of appeal until February 1, 2010.

■ On May 6, 2010, Dylan Drummond entered an appearance as pro bono lead appellate counsel of record for Blackard. Blackard's brief, filed June 15, 2010, included her argument that a motion for extension of time within which to file her notice of appeal was necessarily implied because she had filed her notice of appeal within fifteen days of the deadline. After filing her brief, Blackard then filed a verified motion for extension of time within which to file her notice of appeal, reiterating her argument that a motion for extension of time within which to file the notice of appeal was necessarily implied because she acted in good faith and filed her notice of appeal within the fifteen-day window prescribed by rule 26.3 of the Texas Rules of Appellate Procedure. Blackard explained that at the time her notice of appeal was due, she was representing herself and failed to properly calculate the deadline by which to file her notice of appeal. On June 28, 2010, this Court granted Blackard's motion and ordered that her appeal was timely filed as of February 1, 2010. Accordingly, we conclude this issue is moot.

In her fourth issue, Blackard suggests this Court does not have jurisdiction because the trial court's order granting summary judgment failed to dispose of all parties. Our review of the record in this case reflects that the trial court's order disposed of all of Blackard's claims against Fairview Farms Land. However, Blackard asserts that Fairview Farm Development was also a defendant in the lawsuit and the trial court failed to dispose of her

claims against Fairview Farm Development.

Generally, unless otherwise authorized by statute, only final decisions of Texas trial courts are appealable. *See Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex.2001); *see also* Tex. Civ. Prac. & Rem.Code Ann. § 51.012 (West Supp. 2010). There is no presumption of finality for an order granting summary judgment. *See Ford v. Exxon Mobil Chemical Co.,* 235 S.W.3d 615, 617 (Tex. 2007); *Lehmann,* 39 S.W.3d at 205–06. An order granting summary judgment is not final "unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann,* 39 S.W.3d at 205. Here, the issue is whether the order granting summary judgment in favor of one of two purported defendants is a final judgment if the other "defendant" was not named as a defendant, timely added as a party, or served with citation at the time the judgment was signed.

An entity is not a party to a lawsuit without being so named. *See Reynolds v. Haws,* 741 S.W.2d 582, 589 (Tex.App.-Fort Worth 1987, writ denied). However, the general rule is that a petition will be construed liberally in favor of the pleader. *See Boyattia v. Hinojosa,* 18 S.W.3d 729, 733 (Tex.App.-Dallas 2000, pet. denied). We consider the petition as a whole in determining who is being sued. *Id.* Analyzing Blackard's second amended petition, we note that the style and first paragraph named only Fairview Farms Land as the defendant. Blackard's first reference to Fairview Farm Development in the second amended petition occurred in the paragraph describing the parties to the lawsuit, in which Blackard described the defendant as follows:

Upon information and belief, Defendant, FAIRVIEW FARMS LAND COMPA-

NY LTD., is a Texas Corporation that does business as Fairview Farms Development Company Ltd., Fairview Farms Marketplace, Fairview Rental Property, LLC, Fairview Rental Properties, LLC and Chisholm Development Company.

Throughout most of her second amended petition, Blackard merely refers to "Defendant" without further clarification. However, in paragraphs designated "NEGLIGENCE," "DAMAGES," and "PRAYER," Blackard stated her claims against "Defendant, FAIRVIEW FARMS LAND COMPANY, LTD. AND FAIRVIEW FARM DEVELOPMENT COMPANY, LTD."

Blackard argues that including Fairview Farm Development in the second amended petition's "demand for judgment" was sufficient under Texas's fair notice pleading rule to add Fairview Farm Development as a defendant. We agree with Blackard that under the Texas fair notice pleading standard, "pleadings are sufficient if they give the opposing party fair notice of the claim involved." *Reynolds,* 741 S.W.2d at 589 (citing *Castleberry v. Goolsby Bldg. Corp.,* 617 S.W.2d 665, 666 (Tex.1981)). However, the cases cited by Blackard in support of her argument, *Horizon/CMS Healthcare Corp. v. Auld* and *Hoffman v. Dandurand,* do not utilize the fair notice standard to add a party. *See Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 897 (Tex.2000) (The court applied the Texas fair notice standard in concluding the amended answer pleaded sufficient facts to give adequate and fair notice despite referring to an incorrect version of a statute.); *Hoffmann v. Dandurand,* 180 S.W.3d 340, 350 (Tex.App.-Dallas 2005, no pet.) (Applying the Texas fair notice pleading standard, this Court determined plaintiff had not clearly and concisely pleaded alter ego in this case.). Blackard does not cite to authority that suggests fair notice of a claim is enough to

convert an unnamed person into a defendant. *See Reynolds,* 741 S.W.2d at 588. We are not persuaded that naming Fairview Farm Development in the body of the second amended petition was sufficient to transform Fairview Farm Development into a party-defendant under Texas's fair notice pleading standard. *Id.* Based on our review of the second amended petition as a whole, we conclude Fairview Farm Development was not named as a defendant therein.

On September 9, 2009, Blackard filed a motion to amend her petition to add parties, stating:

Plaintiff has filed a second amended petition with this court identifying the need to add additional parties, not formally named and identified in this cause of action due to the Discovery Deadlines placed upon Plaintiff, pro se.

She then identified seven parties she wished to add as defendants, including Fairview Farm Development, and for each entity, she identified a service agent and address for service of process. Blackard's description of the parties she wished to add—additional parties, not formally named and identified in this cause of action—further supports our conclusion that she did not name Fairview Farm Development as a defendant in her second amended petition. Because the March 29, 2009 scheduling order deadline for naming additional parties without leave or good cause had passed, Blackard was required to obtain the trial court's leave to add parties. However, Blackard did not obtain a ruling on her motion.

■ Blackard did not pay for citation to be issued with respect to the parties she wished to add and we cannot determine from the record whether she requested citation based on her indigency. Fairview Farm Development was never served with citation and did not enter an appearance in the case below. A judgment is final for purposes of appeal when (1) the judgment expressly disposes of some, but not all of the defendants, (2) the only remaining defendants have not been served or filed answers, and (3) nothing in the record indicates that the plaintiff ever expected to obtain service on the unserved defendants. *See M.O. Dental Lab v. Rape,* 139 S.W.3d 671, 674–75 (Tex.2004) (per curiam); *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 232 (Tex.1962). "In these circumstances the case stands as if there had been a discontinuance as to [the unserved party], and the judgment is to be regarded as final for the purposes of appeal." *Penn,* 363 S.W.2d at 232.

Because Fairview Farm Development was not named as a defendant, was not served, and did not file an appearance or answer in the lawsuit below, Blackard has not demonstrated the judgment did not dispose of all claims and all parties. We conclude the judgment is final for purposes of appeal. Blackard's fourth issue is overruled.

SUMMARY JUDGMENT

In her second and third issues, Blackard argues that because there was a genuine issue of material fact as to each element of her premises liability claim, the trial court erred in granting the first amended motion for summary judgment filed by Fairview Farms Land.

A. Standard of Review

■ When a motion for summary judgment presents both no-evidence and traditional grounds, we first review the propriety of the summary judgment under the rule 166a(i) no-evidence standards. *See Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 600 (Tex.2004). If an appellant failed to produce more than a scintilla of evidence under the no-evidence standards, there is no need to analyze whether an

appellee's summary judgment proof satisfied the burden related to traditional summary judgment motions. *Id.*

A no-evidence motion for summary judgment must specifically state the elements for which there is no evidence. Tex.R. Civ. P. 166a(i); *see Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex.2002). The trial court must grant the motion unless the non-movant produces summary judgment evidence that raises a genuine issue of material fact on the challenged elements. Tex.R. Civ. P. 166a(i); *see Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002). When reviewing a no-evidence motion for summary judgment, we examine the record in the light most favorable to the non-movant and disregard all contrary evidence and inferences. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex.2006). A no-evidence summary judgment is improper if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. Tex.R. Civ. P. 166a(i); *Kastner v. Jenkens & Gilchrist, P.C.*, 231 S.W.3d 571, 576 (Tex.App.-Dallas 2007, no pet.). Less than a scintilla of evidence exists when the evidence is so weak that it does nothing more than create a mere surmise or suspicion of a fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex.2003). More than a scintilla of evidence exists when the evidence would enable reasonable and fair-minded people to reach different conclusions. *See Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008); *Ford Motor Co.*, 135 S.W.3d at 601.

We review a traditional motion for summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *See Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex.2003). A party moving for traditional summary judgment has the burden to establish that there are no genuine issues of material fact and it is

entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *see Sw. Elec. Power Co.*, 73 S.W.3d at 215. The movant bears the burden of proof and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985). When the trial court's order granting summary judgment does not specify the grounds upon which it was granted, we will affirm the judgment if any of the theories advanced are meritorious. *See Provident Life*, 128 S.W.3d at 216; *Kastner*, 231 S.W.3d at 577.

**B. Applicable Law**

In a premises liability case, the plaintiff must establish (1) a legal duty owed to the plaintiff, (2) breach of that duty, and (3) damages proximately caused by the breach. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). The scope of the duty owed to plaintiff depends on the status of the plaintiff at the time the incident occurred. *See Western Investments, Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex.2005); *M.O. Dental Lab*, 139 S.W.3d at 675. When, as here, the plaintiff is an invitee, a property owner has a duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition about which the property owner knew or should have known. *Del Lago Partners*, 307 S.W.3d at 767.

**C. Discussion**

Fairview Farms Land's first amended motion for summary judgment asserted that Blackard had no evidence to prove: (1) the insulation in the premises presented an unreasonably dangerous condition; (2) Fairview Farms Land had actual or constructive notice of an unreasonably dangerous condition; and (3) Fairview Farms Land proximately caused Blackard's injuries. Fairview Farms Land also

moved for summary judgment on the grounds that Blackard sued the wrong party and could not recover for fear of cancer or other diseases. As summary judgment evidence, Fairview Farms Land attached Blackard's first amended petition, Blackard's deposition testimony, the affidavit of Rodney Haggard, and a lease agreement between Fairview Farm Development Company, Ltd. and Elm Fork River Ranch LLC.

Blackard filed her first amended objection and response to Fairview Farms Land's first amended motion for summary judgment, with attached exhibits A through Z. Blackard also filed a document titled "Notice of Intent of Filing of Records and Affidavits," listing seventy-seven items Blackard planned to offer into evidence at trial. Fairview Farms Land filed objections to Blackard's summary judgment evidence, asserting that none of Blackard's documentation constituted valid summary judgment evidence. Fairview Farms Land complained that Blackard's documents A through Z were hearsay and exhibits 1 through 77 were not attached to Blackard's response, were not specifically identified, and in some cases, were nonexistent. On December 23, 2009, the trial court entered an order sustaining a number of Fairview Farms Land's objections. The same day, the trial court entered a second order striking all of Blackard's summary judgment evidence. Blackard did not respond to Fairview Farms Land's objections to her summary judgment evidence, nor did she object or move for reconsideration of any of the trial court's rulings with regard to her evidence. On December 29, 2009, the trial court signed an order granting Fairview Farms Land's first amended motion for summary judgment, sustaining Fairview Farms Land's objections to Blackard's summary judgment evidence, and striking Blackard's documents A through Z and exhibits 1 through 77.

■ Once the trial court struck all of Blackard's summary judgment evidence, she was left with no summary judgment evidence with which to raise a genuine issue of material fact on any of the elements challenged by Fairview Farms Land. According to rule 166a(i), the trial court was required to grant Fairview Farms Land's motion because Blackard failed to produce summary judgment evidence that raised a genuine issue of material fact on one or more of the specified elements on which she would have the burden of proof at trial. TEX.R. CIV. P. 166a(i); *see Sw. Elec. Power Co.*, 73 S.W.3d at 215. We conclude the trial court did not err in granting Fairview Farms Land's first amended motion for summary judgment. Blackard's second and third issues are overruled.

■ Blackard argues that her general *Malooly*[1] issue allows her to present new issues in her reply brief that were not presented in her initial brief. Blackard's new issue is her contention that the trial court abused its discretion by ruling on Fairview Farms Land's motion for summary judgment too soon after striking Blackard's evidence, thus denying her the opportunity to correct the deficiencies in her summary judgment evidence. However, Blackard provides no authority to support her assertion that the trial court erred in the timing of its rulings. Further, Blackard did not present the trial court with a timely opportunity to address

1. A general point of error utilizing the formulation set forth *Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970) "is sufficient to preserve error and to allow argument as to all possible grounds upon which summary judgment should have been denied." *Plexchem Int'l, Inc. v. Harris Cty. Appraisal Dist.,* 922 S.W.2d 930, 930–31 (Tex.1996) (per curiam).

this issue. She did not object in the trial court to the timing of the trial court's rulings. She did not move for reconsideration or request that the trial court give her an opportunity to correct deficiencies or resubmit her summary judgment evidence. To preserve a complaint for appellate review, a party generally must present it to the trial court by timely request, motion, or objection, stating the specific grounds, and obtain a ruling. *See Shaw v. Cnty. of Dallas,* 251 S.W.3d 165, 174 (Tex.App.-Dallas 2008, pet. denied) (citing TEX.R.APP. P. 33.1(a)). If a party fails to do this, error is not preserved. *Id.; see also Knapp v. Wilson N. Jones Mem'l Hosp.,* 281 S.W.3d 163, 170 (Tex.App.-Dallas 2009, no pet.) ("a party's argument on appeal must comport with its argument in the trial court"). By failing to timely object to the trial court's rulings sustaining objections to her summary judgment evidence, Blackard has not preserved the right to complain about the timing of the trial court's rulings on appeal.

### CONCLUSION

Having resolved all of Blackard's issues, we affirm the judgment of the trial court.