BAILEY C. MOSELEY, Justice,
concurring.
A trial court is statutorily authorized to appoint “a receiver for the preservation and protection of the property of the parties.” Tex. Fam.Code Ann. § 6.502(a)(5) (West 2006). In this case, two parcels of land subject to the court’s receivership belonged to Fox Crest Farm, LLC, not to the two parties to the action for divorce *692 (despite the fact that the two parties to the divorce are the sole owners of the LLC). Generally, a business entity exists as a separate legal entity and “is not a party to a lawsuit without being so named.” Blackard v. Fairview Farms Land Co., 346 S.W.3d 861, 866 (Tex.App.-Dallas 2011, pet. granted) (citing Reynolds v. Haws, 741 S.W.2d 582, 589 (Tex.App.-Fort Worth 1987, writ denied)). Although William filed a brief stating that the parties “did not observe any LLC formalities” in its prior dealings, that informality does not forever bar a future insistence that obedience to the governing documents of the entity are required. This past failure to observe the formalities specified in the governing documents of the LLC was practiced with the mutual consent of the two managers. The Rule 11 agreement wherein the LLC’s assets were to be turned over to a receiver was not signed by William and Eleanor in their official capacities as sole managers of the LLC but, rather, in the individual capacities of the two persons who were the parties to the divorce action. At the time of the entry of the original order appointing a receiver for the assets of the LLC, the LLC had neither been made a party to the lawsuit, nor is there any pleading that raises any kind of estoppel of the individuals as managers of the LLC.
The majority seems to hold that the acquiescence of the two individuals who were the sole managers of the LLC in the appointment of a receiver of the assets of the LLC is tantamount to their consent in their capacities as the sole managers of the LLC. I disagree and maintain that (1) the past mutual and agreed conduct of the managers of an LLC to conduct the business of that entity informally does not necessarily commit them to forever abandon the niceties and requirements of the governing requirements in the future, and (2) an agreement in the capacity of an individual would not also unwillingly bind that same person in its capacity as the manager of an LLC. Since the LLC had not been made a party to the lawsuit at the time of the September 30, 2011, order appointing a receiver over its assets and since there were no pleadings to allege that the managers of the LLC were es-topped to deny that they had acquiesced in their capacities as managers, I believe that the trial court was without authority to enter that order dealing with the assets of the LLC.
There was a subsequent order entered November 28, 2011 (after the LLC had been made a party to the lawsuit), which was entered nunc pro tunc, reaffirming the entry of the order appointing a receiver of its assets. Because the LLC had been made a party to the divorce before the trial court’s November 28, 2011, “nunc pro tunc” order and prior to any sale of the LLC property, I concur in the result reached by the majority.