**AFFIRM; and Opinion Filed May 29, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01120-CV

### BICH NGOC NGUYEN, Appellant
### V.
### ALLSTATE INSURANCE COMPANY AND LINCOLN BENEFIT
### LIFE COMPANY, Appellees

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. 09-09185-C**

## OPINION

Before Justices Lang-Miers, Murphy, and Fillmore
Opinion by Justice Fillmore

Bich Ngoc Nguyen (Bich) appeals the trial court's grant of summary judgment in favor of

Allstate Insurance Company and Lincoln Benefit Life Company (collectively appellees). In

issues four through ten and twelve through fifteen,[1] Bich generally asserts the trial court erred by

(1) granting appellees' procedural objection to the lack of specificity in Bich's response to

appellee's motion for summary judgment and by failing to consider the evidence filed by Bich in

response to appellees' motion for summary judgment, (2) granting appellees' combined no-

evidence and traditional motion for summary judgment on the ground Bich had produced no

---

[1] In her notice of appeal on partial record, Bich listed fifteen issues she intended to raise on appeal. In the first three listed issues, Bich claimed the trial court erred by granting summary judgment in favor of Suong Truong and The Suong Truong Insurance Agency, who were originally parties to this appeal. Prior to filing her brief, Bich dismissed the appeal against the Truong parties and noted in her brief that the first three issues raised in the notice of appeal were moot. Bich briefed her remaining issues as issues four through fifteen, and we will address Bich's issues pursuant to the numbering system she used in her brief.

evidence in response to the motion, and (3) denying Bich's motion regarding perjury and motion to depose a witness. In issue eleven, Bich argues that improper pleading and litigation tactics by appellees "skewed" the trial court proceedings to the extent that the case must be reversed and remanded. We affirm the trial court's judgment.

## Background

On May 12, 2008, Bich's mother, Anh Nguyen (Ahn), contacted Suong Truong, an insurance agent, about purchasing life insurance. Anh did not speak, read, or write English and discussed the purchase with Truong in Vietnamese. Truong completed the application for life insurance in English, and Anh signed the application. In the application, Anh answered "no" to questions about any existing health conditions, including whether, in the past ten years, she had been treated for, had any sign or symptom of, or been told that she had a lung disorder. She also denied that she had seen a doctor or been hospitalized during the five years preceding the application. Truong submitted the application for life insurance to Lincoln.

On May 21, 2008, Anh underwent a physical examination in her home as part of the application for life insurance. Kryston Fautheree conducted the examination and asked Anh a series of questions about her medical history. Fautheree did not speak Vietnamese, and one of Anh's relatives translated the questions and Anh's answers. The questionnaire from the examination indicates Anh answered "no" when questioned about existing health conditions, including lung or breathing problems, and denied that she had seen a doctor during the last five years. Anh signed the completed questionnaire from the examination.

In June 2008, while a patient in a hospital, Anh signed an "Amendment of Application and Statement of Health" indicating that since the original application date she (1) had not applied for life insurance elsewhere, (2) had not consulted with or been examined or treated by a physician or practitioner, or (3) had any change in health and insurability as indicated in the

–2–

application or exam. On June 9, 2008, Lincoln issued the life insurance policy. Anh was diagnosed with lung cancer on June 17, 2008 and died from the cancer on September 8, 2008.

Bich, the primary beneficiary of the life insurance policy, filed a claim on the policy with Lincoln on September 29, 2008. On October 9, 2008, Lincoln informed Bich that it was conducting a routine investigation because Anh had died within two years of the policy's start date. Allstate conducted the investigation for Lincoln and learned Anh had a history of lung problems dating to September 2007. Anh had seen a doctor about coughing and shortness of breath over fifteen times prior to applying for life insurance, had abnormal lung x-rays and CT scans, had been taking a number of prescription medications for coughing and shortness of breath, had been hospitalized for a week in January 2008 due to coughing and shortness of breath, and had received a tentative diagnosis of tuberculosis. On December 11, 2008, Lincoln rescinded the policy based on Anh's alleged misrepresentations in the application process and refunded the premiums Anh had paid.

Bich sued appellees, Truong, and The Suong Truong Insurance Agency based on Lincoln's rescission of the policy. Lincoln filed a counterclaim seeking to recover its attorney's fees. Shortly before the scheduled trial date, appellees filed a combined no-evidence and traditional motion for summary judgment. Bich responded to the motion and filed almost 650 pages of summary judgment evidence. Appellees filed objections to Bich's summary judgment evidence and a reply to Bich's response. Appellees asserted in their reply that Bich had made global assertions in her response that the 650 pages of summary judgment evidence raised an issue of material fact. Appellees argued it was insufficient to respond to a motion for summary judgment by referring to entire documents attached as evidence without identifying where an issue is addressed in the documents. Appellees contended the trial court was not required to

"wade through a voluminous record" to find specific evidence that raised an issue of material fact.

On June 7, 2011, the trial court entered an amended order granting appellees' combined motion for no-evidence and traditional summary judgment.[2] The trial court sustained appellees' procedural objection to Bich's response "as to lack of any specific citations to evidence contained" in the response. The trial court indicated that it was making no substantive evidentiary rulings on Bich's summary judgment evidence and that with appellees' "procedural objection being sustained, there is simply no evidence in [Bich's] Response to consider." The trial court granted appellees' motion for summary judgment and ordered that Bich take nothing on her claims against appellees. Lincoln dismissed its counterclaim, causing the summary judgment in favor of appellees to become final.

### Granting of Appellees' Objection to Bich's Response

In her twelfth issue, Bich complains the trial court erred by granting appellees' procedural objection that Bich failed to specifically direct the trial court to the summary judgment evidence that raised an issue of material fact. We review a trial court's evidentiary rulings for an abuse of discretion. *Holloway v. Dekkers*, 380 S.W.3d 315, 320 (Tex. App.—Dallas 2012, no pet.) (reviewing trial court's decision on whether to admit or exclude summary judgment evidence under an abuse of discretion standard).

Bich first asserts the trial court erred by granting the procedural objection because appellees did not make the objection in the trial court. However, after Bich filed her response to appellees' motion for summary judgment, appellees contended in their reply that Bich failed to specifically reference the summary judgment evidence that raised a material issue of fact and that

---

[2] The trial court granted appellees motion for summary judgment on June 6, 2011. In that order, the trial court modified a typed order, evidently provided by Bich, with a number of handwritten rulings. On June 7, 2011, the trial court signed a typed amended order containing all the rulings made by the court on June 6, 2011.

the trial court was not required to review Bich's voluminous evidence to find a material issue of fact. Appellees contended that Bich's "broad and general references to 650 pages of various exhibits failed to bring forth any _**evidence**_ that a reasonable and fair-minded person could consider."

Although not included in appellees' objections to Bich's summary judgment evidence, appellees clearly complained in the trial court that Bich's response to appellees' motion for summary judgment failed to specifically reference the evidence that raised a material issue of fact. _See Arkoma Basin Exploration Co., Inc. v. FMF Assocs. 1990-A, Ltd._, 249 S.W.3d 380, 387 (Tex. 2008) (""[T]he cardinal rule for preserving error is that an objection must be clear enough to give the trial court an opportunity to correct it."); _McDaniel v. Yarbrough_, 898 S.W.2d 251, 252 (Tex. 1995) ("An objection is sufficient to preserve error for appeal if it allows the trial judge to make an informed ruling and the other party to remedy the defect, if he can."). Here, there is no question that the trial court was aware of appellees' objection. We conclude appellees properly raised their complaint about the lack of specificity in Bich's response to the motion for summary judgment in the trial court.

Bich next asserts the trial court erred by granting the procedural objection because Bich was not required to specifically reference the summary judgment evidence that raised an issue of material fact. Bich filed a sixty-eight page response to appellees' combined motion for summary judgment. To support her response, Bich filed a copy of fact stipulations entered into by the parties and almost 650 pages of summary judgment evidence. Twenty-eight pages of Bich's response set out the "Real Factual Background" without referencing any summary judgment evidence to support the stated facts. In the portions of her response addressing the merits of appellees' no-evidence and traditional motion for summary judgment, Bich repeatedly cited to several hundred pages of her summary judgment evidence and made the blanket assertion that

these documents raised a material issue of fact. Bich did not specifically cite to any page in any exhibit and did not explain how the relied-upon evidence raised any issue of fact.

Merely citing generally to voluminous summary judgment evidence in response to either a no-evidence or traditional motion for summary judgment is not sufficient to raise an issue of fact to defeat summary judgment. *Leija v. Laredo Cmty. Coll.*, No. 04-10-00410, 2011 WL 1499440, at *5 (Tex. App.—San Antonio, Apr. 20, 2011, no pet.) (mem. op.) ("When a summary judgment respondent fails to direct the reviewing court to specific summary judgment evidence, a fact issue cannot be raised sufficient to defeat summary judgment."); *Kastner v. Gutter Mgmt Inc.*, No. 14-09-00055-CV, 2010 WL 4457461, at *3 (Tex. App.—Houston [14th Dist.] Nov. 4, 2010, pet. denied) (mem. op.) ("Blanket citation to voluminous records is not a proper response to a no-evidence motion for summary judgment."). Therefore, a party submitting summary judgment evidence "must specifically identify the supporting proof on file that it seeks to have considered by the trial court." *Arredondo v. Rodriguez*, 198 S.W.3d 236, 238 (Tex. App.—San Antonio 2006, no pet.). "In the absence of any guidance from the non-movant where the evidence can be found, the trial and appellate courts are not required to sift through voluminous deposition transcriptions in search of evidence to support the non-movant's argument that a fact issue exists." *Aguilar v. Morales*, 162 S.W.3d 825, 838 (Tex. App.—El Paso 2005, pet. denied); *see also Brookshire Katy Drainage Dist. v. Lily Gardens, LLC*, 333 S.W.3d 301, 308 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (op. on reh'g); *Shelton v. Sargent*, 144 S.W.3d 113, 120 (Tex. App.—Fort Worth 2004, pet. denied) (trial court is not required to search voluminous file for summary judgment evidence raising genuine issue of material fact without more specific

guidance from non-movant) (quoting *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 81 (Tex. 1989)).[3]

Bich's response repeatedly referenced groups of exhibits consisting of hundreds of pages. Bich did not cite, quote, or otherwise point out to the trial court the evidence she relied on to create a fact issue on any of her claims. Further, Bich's response contained neither any analysis of the cited-to evidence nor an explanation of how the hundreds of pages raised any issue of material fact. We conclude the trial court did not abuse its discretion by granting appellees' objection to Bich's lack of specificity in her response to appellees' motion for summary judgment and by refusing to consider Bich's summary judgment evidence. *See Kastner*, 2010 WL 4457461, at *8 (trial court does not abuse its discretion when it does not consider summary-judgment proof to which party does not specifically direct trial court's attention) (citing *Guthrie v. Suiter*, 934 S.W.2d 820, 826 (Tex. App.—Houston [1st Dist.] 1996, no writ).[4] We resolve Bich's twelfth issue against her.

## Summary Judgment

In eight issues, Bich challenges the trial court's grant of either a no-evidence or traditional motion for summary judgment in favor of appellees.

### *Standard of Review*

We review the grant of summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). The standards of review for traditional and no-evidence summary judgment are well known. *See Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009);

---

[3] *See also Jacobson v. SCI Tex. Funeral Servs., Inc.*, No. 05-00-00686-CV, 2001 WL 225339, at *2 (Tex. App.—Dallas Mar. 8, 2001, no pet.) (mem. op., not designated for publication) ("Because [appellant] failed to direct either the trial judge or this Court to any summary judgment evidence that would allow us to conclude she raised an issue of material fact as to standing, we cannot conclude the trial judge erred in granting summary judgment in favor of [appellee].")

[4] Relying on *Hinojosa v. Columbia/St. David's Healthcare System, L.P.*, 106 S.W.3d 380, 387–88 (Tex. App.— Austin 2003, no pet.), Bich argues she was not required to set out the exact evidence on which she relied or to explain with specificity how the evidence supports the issue it raised. However, nothing in *Hinojosa* indicates the trial court was confronted with a voluminous record with no guidance from the non-movant as to which evidence raised a genuine issue of material fact.

*Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). With respect to a traditional motion for summary judgment, the movant has the burden to demonstrate that no genuine issue of material fact exists and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon*, 690 S.W.2d at 548–49. We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. TEX. R. CIV. P. 166a(i); *Gish*, 286 S.W.3d at 310. To defeat a no-evidence summary judgment, the nonmovant is required to produce evidence that raises a genuine issue of material fact on each challenged element of its claim. *Gish*, 286 S.W.3d at 310; *see also* TEX. R. CIV. P. 166a(i).

In reviewing both a traditional and no-evidence summary judgment, we review the evidence in the light most favorable to the nonmovant. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Gish*, 286 S.W.3d at 310.

*No-Evidence Motion for Summary Judgment*

In issues four, five, and six, Bich argues the trial court erred by granting appellees' no-evidence motion for summary judgment because appellees' motion was fatally defective and did not entitle appellees to relief. In issue ten, Bich contends the trial court erred by failing to consider the parties' stipulations of fact when ruling on the no-evidence motion for summary judgment. In issues thirteen, fourteen, and fifteen, Bich asserts the trial court erred by determining Bich had brought forward no summary judgment evidence and by not considering the summary judgment evidence that Bich filed. Bich contends the summary judgment evidence filed with her response was sufficient to raise an issue of fact on each challenged element.

Defective Motion

In her fourth, fifth, and sixth issues, Bich argues appellees' no-evidence motion was fatally defective because the motion was general and conclusory and improperly raised "law points."[5]

After an adequate time for discovery has passed, a party without the burden of proof may move for summary judgment on the ground that the nonmoving party lacks supporting evidence for one or more essential elements of its claim. TEX. R. CIV. P. 166a(i); *see also Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004) (to prevail on no-evidence summary judgment motion, movant must allege there is no evidence of an essential element of adverse party's cause of action). "The motion *must* state the elements as to which there is no evidence." TEX. R. CIV. P. 166a(i) (emphasis added); *see also Gish*, 286 S.W.3d at 310 (no-evidence motion for summary judgment must be specific in challenging evidentiary support for an element of claim or defense). "A no-evidence motion for summary judgment that only generally challenges the sufficiency of the nonmovant's case and fails to identify the specific elements of the nonmovant's claim or claims that lack supporting evidence is fundamentally defective and insufficient to support summary judgment as a matter of law." *Bever Properties, L.L.C. v. Jerry Huffman Custom Builder, L.L.C.*, 355 S.W.3d 878, 888 (Tex. App.—Dallas 2011, no pet.).

In her Fifth Amended Original Petition, the live pleading at the time appellees filed their combined no-evidence and traditional motion for summary judgment, Bich asserted claims against Allstate for negligence and civil conspiracy. She asserted claims against Lincoln for

---

[5] In her "law points" argument, Bich asserts the no-evidence motion for summary judgment was so conclusory that it amounted to an improper general demurrer. We, therefore, have considered this argument in connection with Bich's complaint the motion for no-evidence summary judgment was general and lacked specificity.

breach of contract, violation of the Prompt Pay Statute,[6] bad faith, violations of the Deceptive Trade Practices Act (DTPA),[7] conversion, and civil liability for a violation of section 32.46 of the penal code.[8] Allstate sought a no-evidence summary judgment on Bich's claims for negligence and conspiracy on grounds there was no evidence of an injury independent of Bich's claim under the policy and no evidence of causation of any such injury. Allstate also sought a no-evidence summary judgment on Bich's conspiracy claim on grounds there was no evidence of (1) a meeting of minds on the object or course of action; or (2) one or more unlawful, overt acts. Lincoln sought a no-evidence summary judgment on Bich's claims based on bad faith, violations of the DTPA, and conversion on grounds there was no evidence of an injury independent of Bich's claim under the policy and no evidence of causation of any such injury. Lincoln also sought a no-evidence summary judgment on Bich's claim based on a violation of the penal code on grounds there was no evidence Lincoln (1) had any intent to harm or defraud, (2) used deception, (3) caused Anh to "sign anything," or (4) proximately caused any injury to Bich.

In appellees' no-evidence motion for summary judgment, they set out the elements of each of the causes of action that were the subject of the no-evidence motion for summary judgment and specifically stated which element or element of each cause of action that they contended Bich had no evidence to support. Accordingly, the no-evidence motion for summary judgment was not fatally defective. *See Bever Properties, L.L.C.*, 355 S.W.3d at 888; *Aguilar*, 162 S.W.3d at 835. We resolve Bich's fourth through sixth issues against her.

---

[6] *See* TEX. INS. CODE ANN. §§ 542.051–.061 (West 2009 and Supp. 2012).

[7] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 17.41–.63 (West 2011 and Supp. 2012).

[8] Bich filed both a sixth amended and seventh amended petition prior to the summary judgment hearing. Appellees objected to these pleadings and requested that the trial court strike the pleadings. The record does not reflect the trial court ruled on appellees' motion. In her seventh amended petition, Bich dropped her claims against Lincoln based on conversion and the violation of the penal code. The sixth and seventh amended petitions contained additional factual allegations to support the causes of actions pleaded in the fifth amended petition. Because the amended pleadings do not affect our analysis in this case, we will not address them in this opinion.

–10–

<u>Granting of No-Evidence Motion for Summary Judgment</u>

In her tenth issue, Bich asserts the trial court erred by not considering the parties' factual stipulations before ruling on appellees' no-evidence motion for summary judgment. Prior to appellees' filing their motion for summary judgment, Bich and appellees stipulated, as relevant to this issue, that (1) Lincoln is a wholly owned subsidiary of Allstate Life Insurance Company, which is a wholly owned subsidiary of Allstate; (2) Lincoln issued a life insurance policy to Anh in June 2008 and rescinded the policy on December 11, 2008; (3) Suong Truong is an exclusive agent of Allstate and Lincoln and sold the life insurance policy to Anh; (4) Anh was diagnosed with lung cancer on June 17, 2008; (5) Lincoln received four premium payments of $85 on the policy from June through September 2008; and (6) when Anh died on September 6, 2008, all premiums due on the policy had been timely and fully paid.

On appeal, Bich contends the trial court erred by granting the no-evidence motion for summary judgment because the stipulations show the "insurance policy contract had issued, existed, was supported by consideration, and that [appellees] had breached the contract, violated the prompt pay statute, and had caused harm to" Bich. Although these facts may be relevant to Bich's claims against Lincoln based on breach of contract or violation of the Prompt Pay Statute, appellees did not seek a no-evidence summary judgment on those claims. Further, the stipulated facts do not raise a genuine issue of material fact on any of the elements of the causes of action on which appellees sought a no-evidence summary judgment. Therefore, the stipulations constituted no evidence in response to appellees' no-evidence motion for summary judgment. We resolve Bich's tenth issue against her to the extent it is directed toward the no-evidence summary judgment granted by the trial court.

In her thirteenth, fourteenth, and fifteenth issues, Bich argues the trial court erred by determining Bich had brought forward no summary judgment evidence and by not considering

–11–

the summary judgment evidence that Bich filed. Bich contends the summary judgment evidence filed with her response raised an issue of material fact on each challenged element of her claims. We have already concluded that (1) the trial court did not err by granting appellees' procedural objection and by not considering Bich's summary judgment evidence, and (2) the parties' stipulations did not raise a genuine issue of material fact on any of the elements of the causes of action challenged by appellees in their no-evidence motion for summary judgment. Accordingly, the trial court did not err by granting a no-evidence summary judgment as to Bich's conspiracy and negligence claims against Allstate and claims against Lincoln based on bad faith and violations of the DTPA. We resolve Bich's thirteenth through fifteenth issues against her to the extent they relate to the no-evidence summary judgment.

*Traditional Motion for Summary Judgment*

Lincoln moved for a traditional summary judgment on Bich's claim for (1) breach of contract on the ground that Ahn died within the express contestability period of the policy and the application for life insurance contained misrepresentations that were both material and affected the risk assumed, and (2) violation of the Prompt Pay Statute on the ground that it was not liable on the claim made on the insurance policy. Lincoln argued that, even though Anh could not read, write, or speak English, she was bound by the statements in the application and questionnaire. Lincoln also asserted that, pursuant to section 705.051 of the insurance code, it could rescind the policy based on the misrepresentations in the application process. Lincoln had the burden of proof on its misrepresentation defense and, to be entitled to summary judgment, was required to establish that it was entitled to the defense as a matter of law. *See Washington v. Reliable Life Ins. Co.*, 581 S.W.2d 153, 160 (Tex. 1979) (defense of misrepresentations in application for life insurance policy was issue on which insurer had burden of proof); *see also*

–12–

*Tex. Farmers Ins. Co. v. Murphy*, 996 S.W.2d 873, 879–80 (Tex. 1999) (insurer's assertion of fraud was an affirmative defense to liability under policy on which insurer had burden of proof).

In her tenth issue, Bich complains the trial court erred by failing to consider the parties' stipulations in ruling on Lincoln's motion for traditional summary judgment. However, Lincoln moved for summary judgment on the grounds it was entitled to rescind the policy due to Anh's misrepresentations in the application for the policy. Although the stipulations may have established the existence of the insurance policy, that Anh paid the required premiums, and that Lincoln rescinded the contract, the parties made no stipulations relevant to Lincoln's misrepresentation defense. Accordingly, the stipulations did not raise an issue of material fact as to Lincoln's misrepresentation defense. To the extent Bich's tenth issue is directed toward the trial court's grant of the traditional summary judgment, we resolve that issue against Bich.

Bich asserts in her thirteenth, fourteenth, and fifteenth issues that the trial court erred by determining Bich had brought forward no summary judgment evidence and by not considering the summary judgment evidence that Bich filed. Bich contends that the summary judgment evidence demonstrated there was a material issue of fact that precluded the grant of summary judgment. We have already determined the trial court did not err by granting appellees' procedural objection and by refusing to consider Bich's summary judgment evidence and that the parties' stipulations did not raise an issue of material fact as to Lincoln's misrepresentation defense. Accordingly, the trial court did not err by finding there was no evidence to consider in Bich's response to the traditional motion for summary judgment.

Finally, we recognize Bich did not have any burden to respond to Lincoln's summary judgment motion unless Lincoln conclusively established its defense of misrepresentation and that Bich may challenge the traditional summary judgment on appeal even though she presented no summary judgment evidence to the trial court. *See M.D. Anderson Hosp. & Tumor Inst. v.*

–13–

*Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). However, in Bich's opening brief on appeal, the only challenge directed to the merits of the traditional summary judgment was that Bich "did bring forth summary judgment evidence, in compliance with Texas law, and it was sufficient to defeat summary judgment on each, and all, points." Bich then, in a footnote, provides a cursory explanation of how the summary judgment evidence purportedly created an issue of fact as to the viability of each of her claims. Nowhere in her opening brief does Bich challenge the grant of summary judgment on the basis that Lincoln failed to establish as a matter of law that it was entitled to rescind the policy based on misrepresentations in the application for life insurance and in the medical questionnaire.

In their response brief, appellees pointed out that Bich failed to substantively challenge the grounds on which Lincoln sought summary judgment. In her reply brief, Bich argued, for the first time, that to establish its defense of misrepresentation, Lincoln was required to prove: (1) the making of a misrepresentation; (2) the falsity of the misrepresentation; (3) reliance on the misrepresentation; (4) intent to deceive on the part of the insured in making the misrepresentation; and (5) the materiality of the misrepresentation.[9] However, an appellant may not include in a reply brief a new issue in response to some matter pointed out in the appellee's brief but not raised in the appellant's opening brief. *Booklab Inc. v. Konica Minolta Bus. Solutions, Inc.*, No. 05-10-00095-CV, 2012 WL 3893521, at \*4 (Tex. App.—Dallas Sept. 7, 2012, pet. denied) (mem. op); *Miner Dederick Constr., LLP v. Gulf Chem. & Metallurgical Corp.*, No. 01-11-00325-CV, 2013 WL 1488186, at \*9 n.3 (Tex. App.—Houston [1st Dist.] Apr. 11, 2013 no pet. h.) (op. on reh'g) ("The rules of appellate procedure do not allow an appellant to include in a reply brief a new issue in response to some matter pointed out in the appellee's brief

---

[9] Bich did not, however, provide any analysis as to how Lincoln failed to meet this burden.

but not raised in the appellant's original brief."). Accordingly, we will not consider issues raised by Bich in her reply brief.

Based on the issues properly presented to us, we conclude (1) the trial court did not err by determining that Bich had produced no summary judgment evidence in response to appellees' motion for traditional summary judgment or by not considering the summary judgment evidence filed by Bich, and (2) the parties' stipulations failed to raise an issue of material fact on Lincoln's defense of misrepresentation. To the extent Bich's tenth and thirteenth through fifteenth issues are directed toward the trial court's grant of a traditional summary judgment on Bich's claims against Lincoln for breach of contract and violation of the Prompt Pay Statute, we resolve those issues against her.

### Perjury

In her seventh and eighth issues, Bich complains the trial court erred by denying her "motion regarding perjury" by one of Allstate's witnesses and by overruling Bich's objections to appellees' summary judgment evidence based on the alleged perjury. We review the trial court's rulings on evidentiary issues for an abuse of discretion. *Holloway*, 380 S.W.3d at 320.

In support of their combined motion for no-evidence and traditional summary judgment, appellees filed the affidavit of Rebecca S. Jones. Jones stated that she was a claim consultant working on behalf of Lincoln and was personally familiar with Bich's claim on the policy because she supervised the investigation conducted on behalf of Lincoln and the processing and handling relating to the claim. The policy provides that, until the policy has been in place for two years during the lifetime of the insured, Lincoln may contest the policy based on material misrepresentations made in the original application. According to Jones, after Bich filed the claim on the policy, a routine investigation was initiated because Anh died less than four months after Lincoln issued the life insurance policy. As part of the investigation, Lincoln obtained and

reviewed Anh's medical records. Jones then made the final decision to rescind the policy and deny Bich's claim. Jones reviewed and approved the denial letter before it was sent to Bich.

Jones also stated that she was Lincoln's custodian of records relating to the policy, Bich's claim, the investigation, and the denial of the claim. Attached to Jones's affidavit were (1) the application for life insurance, (2) the information obtained during the medial examination of Anh, (3) the amendment and statement of health, (4) Anh's medical records, (5) Bich's claim on the policy, (6) the denial letter, (7) the policy, (8) a letter informing Bich that Lincoln would investigate the claims, (9) a December 11, 2008 telephone log regarding a conversation between Jones and Truong, and (10) an opinion from Life and Annuity Claims/Underwriting Referral stating the policy would not have been issued if Lincoln had known about Anh's medical history.

Bich filed a motion "regarding perjury" objecting to Jones's affidavit. Bich alleged that Janie Adams, an employee of Allstate, testified in her deposition that she performed all the claim handling or adjusting work on Bich's claim for benefits under the policy. During her deposition, Adams did not mention Jones or any other supervisor who worked on the claim. Bich contended Adams was likely telling the truth and that Jones's affidavit contained perjury. Bich requested the trial court strike Jones's affidavit and attached exhibits.

Bich's claim of perjury is based solely on her contention that Adams's and Jones's statements are inconsistent. Bich did not explain in the trial court, and does not explain on appeal, how this alleged inconsistency amounts to perjury. Further, Bich did not attach Adams's deposition to her motion regarding perjury and, although she provided at least portions of Adams's deposition to the trial court at the hearing on the motion, those excerpts are not included in the reporter's record. We, therefore, question whether Bich has provided us with either an adequate record or adequate briefing to allow us to address this issue. *See* TEX. R. APP. P. 38.1(g), (i).

–16–

In her brief, Bich relies on excerpts from Adams's deposition that were included in the evidence filed by Bich in response to appellees' motion for summary judgment, and we have reviewed those excerpts. As relevant to this issue, Adams testified that she had worked for Allstate Life Insurance since 1984. She has been performing work as a claims representative for Lincoln, a subsidiary of Allstate, since 2005. As a claims representative, she was assigned claims and handled an assigned claim "from start to finish." Bich's claim was assigned to Adams. Adams signed the letter to Bich denying the claim and that letter was the end of the adjusting process. Nothing in the excerpts of Adams's deposition contradict that Jones was her supervisor and was involved in the decision to deny Bich's claim.

Based on the record before us, we cannot conclude the trial court abused its discretion by denying Bich's motion "regarding perjury" and objection to Jones's affidavit. We resolve Bich's seventh and eighth issues against her.

**Witness Deposition**

In her ninth issue, Bich contends the trial court erred by denying her motion to depose Kyrston Fautheree, the individual who conducted the medical examination of Anh and completed the medical questionnaire.

Bich initially sued only the Truong defendants. Bich joined appellees as defendants sometime in September 2010. On March 21, 2011, the trial court signed a scheduling order requiring all discovery between Bich and appellees to be concluded by April 29, 2011 and setting the case for trial on June 14, 2011. In response to Bich's written discovery requests, appellees evidently disclosed Fautheree as a person with knowledge of relevant facts in November 2010, but did not provide current contact information for her. On April 29, 2011, appellees supplemented their discovery responses and provided an address for Fautheree.

On May 16, 2011, Bich filed a motion to strike Fautheree, arguing that she had not been timely designated. At the hearing on Bich's motion, appellees' counsel indicated she initially could not locate Fautheree. After her legal assistant located Fautheree at the end of April 2011, she notified Bich's counsel within twenty-four hours of obtaining the new information. The trial court denied Bich's motion to strike Fautheree, but ordered that Bich's counsel could depose Fautheree any time before the trial setting on June 14, 2011.

Appellees relied on an affidavit from Fautheree to support their motion for summary judgment. The trial court granted appellees' motion for summary judgment on June 6, 2011. Bich did not depose Fautheree prior to the trial court's grant of summary judgment.

On July 5, 2011, Bich filed a motion for new trial arguing, as relevant to this issue, that there had been irregularities involving Fautheree. Bich again asserted appellees had failed to timely disclose contact information for Fautheree. Bich also claimed that, at appellees' counsel's instruction, Fautheree was refusing to talk to Bich's counsel. Finally, Bich argued the trial court's unexpected granting of appellees' motion for summary judgment prevented her counsel from exercising the right to depose Fautheree prior to the trial date and that there was reason to believe "the deposition of this witness would open up clear evidence of a stunning and highly relevant nature."

On July 18, 2011, Bich filed a motion requesting to take the deposition of Fautheree. Bich again argued that she intended to take Fautheree's deposition prior to trial, but was prevented from doing so by the trial court's grant of summary judgment to appellees. Bich asserted that Fautheree's deposition would "likely shed light in a material fashion upon matters raised" in the motion for new trial. The trial court denied Bich's request.

It is not clear whether Bich is complaining on appeal that she needed Fautheree's deposition to respond to appellees' motion for summary judgment or to support her motion for

new trial. However, we review either complaint for an abuse of discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010) (motion for new trial based on newly discovered evidence); *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996) (need for discovery to respond to motion for summary judgment).

To preserve a complaint that the trial court's decision on the motion for summary judgment was premature, Bich was required to file either an affidavit explaining the need for Fautheree's deposition or a verified motion for continuance. *See Tenneco Inc.*, 925 S.W.2d at 647; *Pyle v. Hebrank*, No. 01-12-00276-CV, 2013 WL 269121, at *3 n.2 (Tex. App.—Houston [1st Dist.] Jan. 24, 2013, no pet.) (mem. op.). Bich did neither.

Further, to prevail on a motion for new trial based on the claim that Fautheree's testimony was newly discovered evidence, Bich was required to establish (1) she learned of the new evidence since the trial or hearing; (2) her failure to discover the evidence sooner was not due to a lack of diligence on her part; (3) the newly discovered evidence is not cumulative; and (4) the evidence is so material that it would probably cause a different result. *Waffle House, Inc.*, 313 S.W.3d at 813. However, Fautheree was identified as a person with knowledge of relevant facts in appellees' discovery responses, and appellees provided Bich with contact information for Fautheree before the end of discovery. The trial court ordered that Bich could depose Fautheree any time before the scheduled trial date of June 14, 2011. Bich had five weeks prior to the summary judgment hearing and six weeks prior to the scheduled trial date during which to depose Fautheree, but made no effort to do so. Bich, therefore, failed to establish that she used due diligence to obtain Fautheree's testimony. Further, Bich failed to provide to the trial court any information about how Fautheree's testimony was so material that it would probably have caused a different result. Rather, Bich alleged only that there were issues about Fautheree's credentials that impacted her credibility.

–19–

Whether viewed as a complaint that the trial court erred by granting summary judgment before Bich deposed Fautheree or as a claim that Fautheree's testimony was newly discovered evidence that entitled Bich to a new trial, we cannot conclude the trial court abused its discretion by denying Bich's motion to depose Fautheree after summary judgment was granted in favor of appellees. We resolve Bich's ninth issue against her.

## Litigation Tactics

In her eleventh issue, Fautheree argues appellees' pleading and litigation tactics "so improperly 'skewed' the litigation and motion hearing process, as to require reversal and remand." To preserve a complaint for appellate review, a party generally must present it to the trial court by timely request, objection, or motion stating the specific grounds, and obtain a ruling. TEX. R. APP. P. 33.1(a); *Blackard v. Fairview Farms Land Co., Ltd.*, 346 S.W.3d 861, 870 (Tex. App.—Dallas 2011, no pet.) If a party fails to timely raise a complaint with the trial court, error is not preserved for appellate review. *Blackard*, 346 S.W.3d at 870.

Bich did not request any relief from the trial court based on appellees' alleged litigation tactics. Accordingly, this issue is not preserved for our review. *See* TEX. R. APP. P. 33.1(a); *Blackard*, 346 S.W.3d at 870. We resolve Bich's eleventh issue against her.

We affirm the trial court's judgment.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

111120F.P05

–20–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BICH NGOC NGUYEN, Appellant

No. 05-11-01120-CV     V.

ALLSTATE INSURANCE COMPANY
AND LINCOLN BENEFIT LIFE
COMPANY, Appellees

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. 09-09185-C.
Opinion delivered by Justice Fillmore,
Justices Lang-Miers and Murphy
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Allstate Insurance Company and Lincoln Benefit Life Company recover their costs of this appeal from appellant Bich Ngoc Nguyen.

Judgment entered this 29th day of May, 2013.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE