

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00257-CV

_____

ESTATE OF SAMANTHA SKAGGS; ROBBIN SKAGGS, INDIVIDUALLY AND AS
PERSONAL REPRESENTATIVE OF THE ESTATE OF SAMANTHA SKAGGS;
AND WALTER SKAGGS SR., Appellants

V.

PETERNETT, INC. D/B/A SHOWDOWN; RICHARD P. HARTNETT; JOHN
HARTNETT; AND HEATHER MARQUEZ, Appellees

---

On Appeal from the 67th District Court
Tarrant County, Texas
Trial Court No. 067-341598-23

---

Before Sudderth, C.J.; Bassel and Walker, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

### I. Introduction

Appellants Estate of Samantha Skaggs; Robbin Skaggs, individually and as personal representative of the Estate of Samantha Skaggs; and Walter Skaggs Sr. strenuously challenge the trial court's actions that, in essence, resulted in an end to their lawsuit. However, this outcome was the natural consequence of Appellants' total inaction during the discovery period. The trial court summarized their inaction when it told Appellants' counsel: "You're trying to move the trial date to do all your discovery. You've done nothing. That's the concern I have . . . . [T]his case, we're now . . . two years and one week from the date of the original filing, and there's been no discovery from [Appellants]." After the trial court granted Appellee Peternett, Inc. d/b/a Showdown's motion for protective order declaring that discovery had ended, denied Appellants' request for a continuance, and granted Appellee Showdown's no-evidence motion for summary judgment, Appellants appealed.[1]

In two issues, Appellants contend that the trial court improperly (1) refused to allow them to conduct discovery and (2) granted Showdown a no-evidence summary judgment on their claims. Because Appellants' discovery woes are a problem of their own creation and not the result of the trial court's failure to sign a sua sponte

---

[1]The trial court rendered an "Order Granting Defendants' 91a Motion to Dismiss," dismissing all claims alleged by Appellants against Appellees Richard P. Hartnett, John Hartnett, and Heather Marquez in their entirety. On appeal, Appellants do not challenge that ruling. Accordingly, the only Appellee involved in this appeal is Showdown.

discovery-control-plan order, we conclude that the trial court did not abuse its discretion by declining to sign a Level 3 discovery order. And because Appellants do not challenge the trial court's order sustaining Showdown's objection to the entirety of Appellants' summary-judgment evidence, we uphold the trial court's no-evidence summary-judgment order. Accordingly, we affirm.

## II. Background[2]

In April 2021, Samantha Skaggs (the decedent) visited Showdown, a bar in Arlington, and consumed alcoholic beverages. While driving from the bar, she was involved in a fatal automobile accident; the decedent collided with a tractor-semi that had recently jack-knifed under the Collins Street bridge as a result of a separate collision.

In April 2023, Appellants (the Estate and the decedents' parents), along with the decedent's siblings,[3] filed a wrongful-death suit against FirstFleet, Inc. d/b/a FirstFleet; 4907 Corporation; Showdown; Richard P. Hartnett; John Hartnett; Robert Mestas; and Heather Marquez. All the defendants except Showdown were dismissed or nonsuited, and all of Appellants' claims against Showdown, except their claim

---

[2]Because Showdown's brief sets forth a more comprehensive background that follows the clerk's record, we use it as a guide for our background.

[3]The decedent's siblings were subsequently dismissed from the case in Appellants' amended petitions, and Appellants' counsel stipulated at a hearing that the decedent's siblings were "no longer alleging claims against any of the Defendants."

under the Texas Dram Shop Act, were dismissed when the trial court granted Showdown's Rule 91a motion to dismiss.

As the case proceeded, Appellants conducted no discovery. Despite pleading in their petition that they intended to conduct discovery under Level 3 of Rule 190 of the Texas Rules of Civil Procedure, they never filed a motion for the trial court to enter a Level 3 discovery-control plan. In August 2024, the trial court signed an order setting the case for trial the week of June 9, 2025; stating that May 9, 2025 was the last day for all dispositive motions, including summary-judgment motions, to be heard; and emphasizing through the following bolded wording that "**[i]f a Scheduling Order is preferred, the [c]ourt will accept such BUT these dates must be included and cannot be changed without leave of [c]ourt.**" Appellants, however, did not take the trial court up on its offer and never obtained a signed order for Level 3 discovery;[4] in the absence of such order, the case was governed by the Level 2 discovery deadlines.[5]

On March 13, 2025, a year after the discovery period had closed under Level 2, Showdown filed its no-evidence motion for summary judgment arguing that Appellants had no evidence that Showdown had either sold alcohol to decedent while

---

[4]At the hearing on Showdown's motion for protective order, the trial court pointed to the statement in its order setting the case for trial and stated, "No scheduling order was ever provided."

[5]*See* Tex. R. Civ. P. 190.4(b) (stating that the discovery limitations of Rule 190.3—Level 2—apply unless specifically changed in the discovery-control plan ordered by the court).

she was obviously intoxicated or that the decedent's intoxication was a proximate cause of Appellants' injuries and damages. Shortly thereafter, Appellants filed an ex parte motion for leave to propound "expanded" discovery[6] and attached requests for admission, interrogatories, and requests for production. Showdown responded by filing a motion for protective order, which the trial court granted. In the order, the trial court stated that "all of [Appellants'] untimely discovery to Defendant Showdown is quashed and [that] discovery is closed in this case." Appellants filed a "Motion for Rehearing/Reconsideration" of the trial court's decision.

In addition to their ex parte motion for discovery, Appellants filed an "Amended Motion to Expand/Compel & Continue or Strike [Showdown's No-Evidence Summary-Judgment Motion] and Motion to Continue Trial." In that amended motion, Appellants claimed that Showdown "had moved for 'no[-]evidence summary judgment[]' following their willful obstruction of discovery and refusal to provide even the disclosures required under Rules 194 after falsely misrepresenting to this [c]ourt that discovery was closed."[7] The amended motion requested that the trial

---

[6]In the motion, Appellants stated, "To date, [Appellants] have not sought additional discovery[,] and this request is specifically allowed by the Code of Civil Procedure." Appellants did not inform the trial court that they had, in fact, conducted no discovery to that point. But that is of no consequence as the trial court stated in an order that it had refused to consider such motion because it was "ex parte."

[7]Appellants (despite having alleged Showdown's willful obstruction) attached to their amended motion four copies of Showdown's initial and amended initial disclosures.

court strike Showdown's no-evidence summary-judgment motion or continue it until the requested discovery could be completed and claimed that a continuance of the trial setting was needed because Appellants' counsel had three other trials set "at this time."[8] But Appellants did not explain why the requested discovery was material or show what diligence they had exercised to obtain the discovery before filing the motion for continuance.

The trial court held a hearing on Appellants' motion for continuance, as well as on their motion for rehearing/reconsideration. The trial court asked for supplemental briefing from the parties, which they submitted, and the trial court denied both of Appellants' motions.

Regarding Showdown's no-evidence summary judgment, Appellants filed a response and attached 292 pages of documents to their response.[9] Showdown filed a reply and a separate document objecting to Appellants' summary-judgment response and evidence. Showdown objected to Appellants' response and attached exhibits in

[8]At the hearing on Showdown's motion for protective order, Showdown introduced evidence showing that the three trials that Appellants' counsel claimed conflicted with this case's trial setting were not necessarily conflicts and that the trial date was "clear" for Appellants' counsel.

[9]On the same day, Appellants filed a document entitled, "Motion to Continue." At the outset of the hearing on Showdown's no-evidence summary-judgment motion, the trial court inquired about the motion, and Appellants' counsel stated that it was an amended motion but also referred to it as a third supplemental motion. The trial court noted that the motion was not designated as such and that no affidavit was attached and denied the motion. The trial court signed a document labeled as a "notice" stating that the motion had never been set for a hearing and that it had refused to consider this motion "since there had been no timely notice."

6

their "entirety because the [summary-judgment e]vidence is comprised of 292 pages of unorganized and unauthenticated documents, most of which are not identified or cited by [Appellants] as evidence in the [r]esponse" and because their response "fail[ed] to specifically direct the [c]ourt to the evidence on which [Appellants] rel[ied]." Showdown also objected to specific exhibits attached to Appellants' response on the basis of lack of authentication, hearsay, and unqualified expert opinions.

At 10:05 p.m. on the night before the hearing on Showdown's no-evidence summary-judgment motion, Appellants filed a document entitled "Amended Opposition to Summary Judgment" and attached three new unsworn declarations; Appellants did not seek leave of court to file the document.[10] At 9:03 a.m. on the morning of the hearing, Appellants filed a letter with an amended exhibit, amending one of the unsworn declarations that was submitted the night before. Forty-five minutes later, Showdown filed objections to Appellants' amended opposition to summary judgment and late evidence.

At the summary-judgment hearing, the trial court questioned Appellants' counsel about the amended response that was filed without leave of court, and he withdrew the amended response and its attached exhibits. The trial court also heard Showdown's objections to Appellants' summary-judgment evidence and later signed

_____

[10]*See generally* Tex. R. Civ. P. 166a(c) (requiring leave of court to file and serve opposing affidavits or other written summary-judgment response less than seven days prior to the hearing).

7

an order sustaining all of Showdown's objections. The trial court signed a separate order granting Showdown's no-evidence summary judgment from which Appellants perfected this appeal.

## III. Appellants' Failure to Timely Conduct Discovery Was Not the Result of the Trial Court's Failure to Enter a Discovery Order or Grant a Continuance

In their first issue, Appellants contend that the trial court improperly refused to allow them to conduct discovery on their claims. Specifically, Appellants argue that because the parties "recognized (at least until it profited them not to do so)[] that the seriousness of this case mean[t that] it deserved to have discovery conducted under Level 3[, the trial court] should have accordingly entered a Level 3 discovery order." As explained below, Appellants' failure to proffer a Level 3 order for the trial court to sign and their two-year delay in propounding discovery demonstrates that any fault in not obtaining discovery before Showdown's no-evidence summary judgment was filed lies at Appellants' feet, not the trial court's.

### A. Applicable Standards of Review

We review a trial court's actions denying discovery for an abuse of discretion. *See Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 661 (Tex. 2009). Similarly, when a party moves for a continuance to conduct discovery, we review the denial of the motion for a clear abuse of discretion. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). "A trial court abuses its discretion when it reaches a decision so arbitrary

and unreasonable as to amount to a clear and prejudicial error of law." *Ford Motor*, 279 S.W.3d at 661.

## B. Applicable Law

A plaintiff must allege in the first numbered paragraph of the original petition whether discovery is intended to be conducted under Level 1, 2, or 3. Tex. R. Civ. P. 190.1. The initial pleading required by Rule 190.1 is merely to notify the court and other parties of the plaintiff's intention; it does not determine the applicable discovery level or bind the court or other parties. Tex. R. Civ. P. 190.6 cmt. "The court must, on a party's motion, and may, on its own initiative, order that discovery be conducted in accordance with a discovery[-]control plan tailored to the circumstances of the specific suit." Tex. R. Civ. P. 190.4(a). Additionally, Rule 190.5 ("Modification of Discovery[-]Control Plan") provides:

> The court may modify a discovery[-]control plan at any time and *must do so when the interest of justice requires*. Unless a suit is governed by the expedited actions process [which is not applicable here], the court must allow *additional discovery*:
>
> (a) related to new, amended or supplemental pleadings, or new information disclosed in a discovery response or in an amended or supplemental response, if:
>
> (1) the pleadings or responses were made after the deadline for completion of discovery or so nearly before that deadline that an adverse party does not have an adequate opportunity to conduct discovery related to the new matters, and
>
> (2) the adverse party would be unfairly prejudiced without such additional discovery;

9

(b) regarding matters that have changed materially after the discovery cutoff if trial is set or postponed so that the trial date is more than three months after the discovery period ends.

Tex. R. Civ. P. 190.5 (emphases added).

## C.    Analysis

Here, Appellants argue that the trial court did not have discretion to prohibit discovery and that because the trial was set nearly one year after the "alleged" discovery deadline had elapsed, the trial court "must modify a discovery[-]control order."  In making their argument, Appellants rely heavily on "general considerations of justice"—even stating that "discretion must be cabined by concerns of justice"—while both ignoring that there was no discovery-control order in place to be modified and failing to explain how matters had materially changed after the discovery cutoff. Thus, the cases that Appellants cite in their brief are not analogous to the facts and do not help remove Appellants' greatest obstacle—their two-year delay in propounding discovery.[11]

---

[11]Appellants' brief at pages 30 to 33 appears to have been copied from their "Amended Motion to Expand/Compel & Continue or Strike [Showdown's No-Evidence Summary-Judgment Motion] and Motion to Continue Trial."  The arguments and requests for relief are not apropos at this point in the proceedings because the summary-judgment hearing has been held and cannot be continued, the no-evidence summary-judgment was ruled upon, and we do not render orders (as part of an appeal) compelling depositions or responses to discovery or setting new discovery deadlines.  We therefore will not address such arguments, which are the sole arguments challenging the ruling on the motion to continue.  *See* Tex. R. App. P. 47.1. *See generally Est. of Grogan*, 595 S.W.3d 807, 825 (Tex. App.—Texarkana 2020, no pet.) (stating that "[a] litigant's failure to diligently pursue discovery will not authorize the granting of a continuance" and holding that trial court did not abuse its discretion in

Appellants' remaining justice arguments that attempt to explain their delay rely on "a two-year course of conduct" and Showdown's actions in circulating proposed Level 3 discovery-control plans—plans that Appellants rejected.[12]  But such arguments are part and parcel of a quasi-estoppel argument that appears later in Appellants' brief and in their reply brief—an argument that Appellants raised in their "Supplemental Memorandum" that was presented in response to the trial court's request for supplemental briefing after the hearing on their motion to

denying motion for continuance when appellant—who had never secured a court order for Level 3 discovery—waited until a month after the summary-judgment hearing was set and the discovery period had ended to file a continuance motion). Moreover, any attempted challenges to the motion to continue the trial setting are moot as the case was decided on summary judgment prior to the trial setting, and we are upholding the summary-judgment order.

[12]At the hearing on Appellants' "Motion for Rehearing/Reconsideration" and "Amended Motion to Expand/Compel & Continue or Strike and Motion to Continue Trial," Showdown's counsel stated, "At no time did we make any agreement that we were under any Level 3 order or operating as such.  We had the [c]ourt's order before us.  And that's what we used in order to govern our conduct."  The record demonstrates that the trial court had asked the parties for a scheduling order and that none was ever given to the court to sign.  Multiple times during the hearing, Appellants' attorney blamed the failure to propound discovery on various associates whom he had allowed to handle the case but whom he had since terminated; however, FirstFleet's attorney pointed out that it was Appellants' attorney himself who had failed to agree to any discovery plan.  Appellants' attorney later admitted that he had never filed anything seeking a trial date change from the trial court after he failed to agree with the proposed Level 3 scheduling order circulated by Showdown.  And Appellants note in their brief, "[I]t is true that none of the[ proposed discovery-control orders] ended up being signed, and therefore no Level 3 discovery deadlines ended up being fixed . . . ."

11

expand/compel.[13]  The trial court rejected Appellants' quasi-estoppel argument, and so do we.  After all, it was not Showdown's duty as a defendant to obtain a Level 3 discovery order, and Showdown's actions in circulating a proposed Level 3 plan that Appellants rejected did not prevent Appellants from conducting any discovery for two years.  As noted in Showdown's brief, "[N]othing prevented Appellants from timely conducting discovery under Level 2 or Level 3.  They simply did nothing."[14]

It appears that Appellants attempted to follow a playbook similar to the one in *Brescia v. Slack & Davis, L.L.P.*, even though that playbook failed to produce the desired result.  No. 03-08-00042-CV, 2010 WL 4670322, at *3–4 (Tex. App.—Austin Nov. 19, 2010, pet. denied) (mem. op.).[15]  The Brescias' petition stated an intention to conduct discovery under Level 3.  *Id.* at *3.  But because the Brescias did not file their motion for entry of a discovery-control plan until the expert-designation deadline under Level 2 had passed and Slack & Davis had filed their motion for summary judgment, a Level 2 discovery-control plan was in effect.  *See id.*  The Brescias did not

---

[13]Appellants never cite where they raised this argument in the trial court, but this court tracked it down.

[14]At that same hearing on Appellants' motion for rehearing/reconsideration and amended motion to expand/compel, their counsel admitted that no discovery had been done:  "I will be the first to admit, you know, not a lot has gotten done.  In fact, the plaintiffs haven't even been deposed.  No discovery has been done in the case whatsoever."  The trial court asked, "None at all by the plaintiffs?"  Appellants' counsel responded, "None."

[15]Although Appellants claim that "[t]his is not *Brescia*," the parties' actions are similar enough for it to be instructive.

dispute that the expert-designation deadline had passed, but they requested that the trial court, "in the interest of justice," enter a scheduling order with a new expert-designation deadline. *See id.* The trial court denied their motion. *See id.*

One of the Brescias' arguments on appeal was that Rule 190.5 provides that a court must modify a discovery-control plan "when the interest of justice requires" and that the circumstances of this lawsuit compelled the trial court to modify the discovery-control plan. *See id.* Specifically, the Brescias' contended that they had been strung along as summarized below:

> They point out their original petition stated this case would be conducted under a Level[ ]3 discovery-control plan, and both sides subsequently conducted active written discovery. The Brescias note that their trial attorney, Jerome Schiefelbein, wrote Slack & Davis in December 2006 seeking entry of a docket-control order and trial date. In his affidavit attached to the Brescias' response to Slack & Davis's motion for summary judgment, Schiefelbein stated that, although he received no response to his December 2006 letter, he was told during conversations with Slack & Davis that they would discuss those issues later. Schiefelbein stated he believed that, once written discovery had concluded, Slack & Davis would agree to a Level[ ]3 discovery-control plan without the need for a formal motion. He affirmed he based this belief on his conversations with Slack & Davis and his experience with another law firm in an unrelated case. On September 10, 2007, Schiefelbein again wrote opposing counsel, suggesting trial dates and entry of a discovery-control plan. However, on September 18, 2007, he received a letter from Slack & Davis stating they had filed their no-evidence motion for summary judgment. The Brescias assert these circumstances and the "stringing Schiefelbein along until the Level 2 deadline expired" required the trial court, in the interest of justice, to modify the Level[ ]2 discovery-control plan by extending the expert-designation deadline.

*Id.*

The Austin court noted that the Brescias did not argue that either of the two specific situations from Rule 190.5 applied but instead contended that modification was called for "in the interest of justice." *Id.* at *4. The Austin court also noted (1) that the case had been pending for fourteen months when, in response to Slack & Davis's request for disclosures, the Brescias stated that no testifying expert witnesses had been retained and (2) that it was only after Slack & Davis had filed its no-evidence motion for summary judgment that the Brescias filed their motion for entry of a discovery-control plan and served supplemental discovery responses identifying their expert witnesses. *Id.* The Austin court stated, "In making its decision, the [trial] court could reasonably have concluded that the circumstances set forth in Schiefelbein's affidavit did not, in the interest of justice, compel the court to modify the Level[ ]2 deadlines" and that Schiefelbein "should have timely filed a Rule 190.4 motion in an effort to obtain a Level[ ]3 discovery-control order and documented in writing any oral agreements between the parties as required by Rule 11." *See id.* (citing Tex. R. Civ. P. 11, 190.4). The Austin court held that it was within the trial court's discretion to hold that "the interest of justice" did not require modification of the discovery-control plan. *See id.*

Here, Appellants' actions differed only slightly from the Brescias'. Appellants' petition stated an intention to conduct discovery under Level 3. But unlike the Brescias, Appellants did not conduct active discovery or file a motion for entry of a discovery-control plan; instead, shortly after Showdown filed its no-evidence

14

summary-judgment motion, Appellants filed various motions seeking leave to propound "expanded" discovery, to continue the hearing or strike Showdown's no-evidence summary-judgment motion, and to continue the trial setting. In response, Showdown filed a motion for protective order, which the trial court granted and stated in the order that Appellants' "untimely discovery to . . . Showdown is quashed and [that] discovery is closed in this case."[16]

Appellants filed a motion for rehearing/reconsideration in which they argued that the trial court should have extended the discovery deadlines "in the interest of justice," and they raise that same argument on appeal. But just as in *Brescia*, we cannot say that the trial court abused its discretion by determining that the circumstances did not compel modifying the discovery deadlines in the interest of justice when extending the discovery deadlines would not have equated to "justice" but instead to injustice, punishing Showdown while rewarding Appellants for their two-year delay in propounding discovery. Similarly, Appellants' attorney "should have timely filed a Rule 190.4 motion in an effort to obtain a Level[ ]3 discovery-control order and documented in writing any oral agreements between the parties as required by Rule 11." *See id.* Moreover, to seek expanded or *additional* discovery under Rule 190.5 implies that some discovery has previously been conducted and that more discovery is needed due to a new, amended, or supplemental pleading or matters that have

---

[16]On appeal, Appellants do not specifically challenge the trial court's order granting Showdown's motion for protective order.

15

changed materially after the discovery cutoff. *See* Tex. R. Civ. P. 190.5. Appellants did not make this argument, nor could they since their counsel admitted that no discovery had been conducted. Accordingly, we hold that it was within the trial court's discretion to conclude that "the interest of justice" did not require modifying the discovery period, which would have amounted to reopening discovery since the deadline for discovery had expired a year before Showdown filed its no-evidence summary-judgment motion. *See id.*

We therefore overrule Appellants' first issue.

## IV. Summary Judgment Was Proper

In their second issue, Appellants argue that the trial court improperly granted Showdown's no-evidence summary-judgment motion "even in the absence of new and additional discovery." But Appellants' failure to challenge the trial court's ruling sustaining Showdown's objections to all of their summary-judgment evidence leaves them with an insurmountable hurdle.

### A. Standard of Review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that no evidence supports an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which no evidence exists. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary-judgment

16

evidence that raises a genuine, material fact issue. *See* Tex. R. Civ. P. 166a(i) & 1997 cmt.; *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259 (Tex. 2020).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). But in reviewing whether a summary judgment was properly granted, we are precluded from considering arguments on appeal that refer to evidence the trial court has excluded, unless the appealing party also challenges the ruling that excluded that evidence. *Brown v. Hensley*, 515 S.W.3d 442, 446–47 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *see also Fernandez v. Heartland Co-Op, Corp.*, No. 07-24-00362-CV, 2026 WL 41314, at *2 (Tex. App.—Amarillo Jan. 6, 2026, no pet.) (mem. op.).

## B. Analysis

Here, Appellants attached to their response to Showdown's no-evidence summary-judgment motion 292 pages of documents, and they rely on those documents as their evidence.[17] The trial court signed an order sustaining Showdown's

---

[17]Appellants also include a cite to a document that was attached to their amended opposition to summary judgment. Appellants, however, withdrew that document and all the attachments, so that evidence was not before the trial court and is not before this court.

objection to the entirety of Appellants' summary-judgment evidence,[18] and Appellants have not challenged that order. Because the only evidence that Appellants produced in response to Showdown's no-evidence motion for summary judgment was struck by the trial court, there was no summary-judgment evidence for the trial court to consider, and without any responsive evidence to consider, the trial court was required to grant Showdown's no-evidence summary-judgment motion. *See* Tex. R. Civ. P. 166a(i); *Aleman v. Standard Cas. Co.*, No. 01-23-00572-CV, 2025 WL 2445991, at *14 (Tex. App.—Houston [1st Dist.] Aug. 26, 2025, no pet.) (mem. op.) (holding trial court was required to grant no-evidence summary-judgment motion because nonmovant's evidence had been struck); *McCollum v. The Bank of N.Y. Mellon Tr. Co.*, 481 S.W.3d 352, 361–62 (Tex. App.—El Paso 2015, no pet.) (same); *Blackard v. Fairview Farms Land Co.*, 346 S.W.3d 861, 869 (Tex. App.—Dallas 2011, no pet.) ("Once the trial court struck all of [appellant's] summary[-]judgment evidence, she was left with no summary[-]judgment evidence with which to raise a genuine issue of material fact . . . ."); *see also Kuzmin v. Schiller*, No. 05-13-01394-CV, 2015 WL 150206, at *5–6 (Tex. App.—Dallas Jan. 8, 2015, no pet.) (mem. op.) (upholding no-evidence summary judgment because appellant failed to argue in his opening brief that the trial court abused its discretion by excluding portions of affidavit that contained the only evidence of proximate cause). Accordingly, we hold that the trial court did not err by

---

[18]Within its objection, Showdown requested that the trial court not consider Appellants' summary-judgment evidence and asked that such evidence "be stricken" by the trial court.

granting Showdown's no-evidence motion for summary judgment, and we overrule Appellants' second issue.

## V. Conclusion

Having overruled Appellants' two issues, we affirm the trial court's order granting Showdown's no-evidence summary-judgment motion.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: March 26, 2026