

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00106-CV

GIUSEPPI KING, Appellant

V.

LFA MACHINES DFW, LLC, Appellee

On Appeal from the 48th District Court
Tarrant County, Texas
Trial Court No. 048-349068-23

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Giuseppi King appeals the trial court's summary judgment entered in favor of LFA Machines DFW, LLC (LFA). On appeal, King argues that the trial court erred by determining that LFA was entitled to summary judgment.[1] Because we find that the trial court's no-evidence summary judgment was proper, we affirm its take-nothing judgment against King.

## I. Factual and Procedural Background[2]

This case involves a dispute over an industrial capsule filling machine, the "FACF Automatic Capsule Filler-FACF-400" (the machine), purchased by King from LFA in November 2020 for $31,400.00. After conducting her own research, King chose to purchase the machine from LFA and contacted them directly. King said that the promise of lifetime technical support on their website led to her decision to choose LFA. An invoice sent to King on November 6, 2020, included links to LFA's terms and conditions regarding warranty, shipping, and returns. LFA's warranty was effective for "[o]ne year from the original purchase date" and did not cover "[d]amage caused by improper installation, improper or abnormal use, misuse, [or] neglect." LFA's return policy shows that the machine could be returned "within [fourteen] days."

According to King, she purchased the machine from Michael Packard, an LFA salesperson, and claimed that he told her that the machine was in stock. Packard informed King that the machine would be shipped directly from Taiwan. King decided that she would operate

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Second Court of Appeals in deciding the issues presented. *See* TEX. R. APP. P. 41.3.

[2]The facts in this section are taken from the summary judgment evidence.

the industrial machine from her garage because "Michael told [her] it was a 220 [volt machine], [they] talked about using the power supply from [her] dryer."

During the wait for the machine, there were several pleasant email exchanges between King and LFA employee Robert Norris. Those emails show no complaints from King, who provided LFA with specific instructions on where and how to deliver the machine to Kauai, Hawaii in February 2021. In April 2021, LFA sent King the manual for the machine before it was delivered.

On May 24, 2021, King emailed Norris to let him know that the machine had been delivered. In that email, King wrote, "I am not sure when I will be able to test this machine but at least it is here. Maybe by the end of the year, until then it will sit in my garage." In response, Norris offered to train King and her "team on site" on how to use the machine.

King obtained assistance from others to help get the machine working. On October 25, 2021, King notified Norris that she was having trouble with the machine. King said, "Most importantly though is the machine [is] not working, it turns on and immediately has an error reading of main motor overload and an intermittent reading of out of phase." Norris responded that it "sound[ed] as if the power supply [wa]s not a delta connection. There is a phase sequence protector which prevents the machine from running while out of phase as running the machine backwards can damage certain components." Norris added that the protector would "prevent the machine from running if it sense[d] more than a 10% variance in voltage."

On November 5, 2021, Norris offered to send a part that could help, but also told King,

> The equipment is not defective, that is not fair to say. The fact that you are using
> a phase converter is not allowing the machine to run and by swapping out the part

3

I referenced on our phone call will sort the issue with the electrics and you will only be left with assembling the motor mounting rod. You will absolutely need assistance with this job as the parts can be heavy and cumbersome. I had always assumed that you had a team and not that you would be operating the machine on your own.

Norris sent King the part and, on November 23, 2021, said that he would be "happy to make the time to ensure [the] machine gets up and running." King and Norris then engaged in a series of emails in an effort to get the machine working, but they were unsuccessful.

On December 29, 2023, King sued LFA for breach of contract, common law fraud, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act (DTPA). King alleged that LFA induced King to purchase the product by stating that "it would provide full technical support in order to make the machine operational" but "failed to provide an operational machine, technical support, or appropriate assembly instructions rendering the machine useless and incapable of performing its represented function." King alleged that LFA breached its contract "to deliver a machine which was capable of assembly and being made operational."

In its answer, LFA asserted defenses of statute of limitations, ratification, mutual mistake, laches, waiver, and estoppel, and alleged that King could not bring tort claims since the matter involved a contract dispute. LFA also claimed that King's "damages ar[o]se solely from her improper installation and use of the machine."

After discovery was complete, LFA filed a combined traditional and no-evidence motion for summary judgment. In support of the motion, LFA attached Norris's declaration, emails between Norris and King, and King's deposition, among other things.

King testified that she believed the machine came with a lifetime of technical support based on LFA's website and the manual but did not produce evidence from the website or manual showing such a promise. King testified that she read the terms and conditions referenced in the links listed on the invoice, which did not include the alleged promise, but believed that LFA made a material misrepresentation regarding technical support. When King was asked when she knew she was not getting the technical support she thought she would, King testified, "Right away. . . . [W]hen we couldn't get the machine to work after it was installed."

King also said she knew that LFA did not have the machine in stock when she spoke with Norris three weeks after placing her order, and LFA was allegedly not sticking to its warranty. According to King, she spoke directly with Norris about a refund. Even so, King accepted delivery of the machine. Although she had chosen the machine on her own after conducting her own research, King testified that no one told her that the machine would come disassembled. King said that the machine was a "Y machine, not a delta machine," which was why her phase converter was not working. King said that had she known "it was a Y machine, that would have changed the whole project. [She] would have bought a different phase converter. [She] would have done everything differently." King also admitted that the same conduct that gave rise to her tort causes of action also formed the facts of her breach of contract action.

King filed a four-page response to LFA's motion for summary judgment. The response attached King's declaration and deposition and, in conclusory form, stated that the evidence contained therein met the elements of her causes of action. King's declaration stated that: (1) Packard misrepresented that the machine was in stock; (2) "Norris admitted that [LFA]

5

misrepresented the machine as in stock"; (3) "Norris ha[d] acknowledged that no lifetime technical support existed despite promises made by Michael Packard, to the contrary and publications by [LFA]"; (4) Norris said a refund was out of the question and the "misrepresentation as to a refund made [her] not pursue the refund further as [she] believed his statement"; and (5) she discovered that the machine was improperly wired and would not work "[o]nly in 2024."

In its reply, LFA argued that the discovery rule, which King did not plead, did not toll the accrual date of King's DTPA and negligent misrepresentation claims. LFA also argued that King had failed to raise any response to the no-evidence motion regarding negligent misrepresentation and had produced no evidence of fraud or unconscionable conduct. LFA asserted that King's tort claims were barred by the contract, and alternatively, that liability was limited by the contract.

After reviewing the motion and summary judgment evidence, the trial court granted LFA's traditional and no-evidence summary judgment motion in its entirety and entered a take-nothing judgment against King.

## II.     Standard of Review

"We review a summary judgment de novo." *Perry v. Janson*, No. 02-25-00167-CV, 2026 WL 405956, at *3 (Tex. App.—Fort Worth Feb. 12, 2026, no pet.) (mem. op.) (citing *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)). "When, as here, the trial court does not specify the grounds for its ruling, a summary judgment must be affirmed if any of the grounds on which judgment was sought are meritorious." *Id.* (citing *Merriman*, 407 S.W.3d

6

at 248). "Evidence is considered in the light most favorable to the nonmovant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences unless a reasonable jury could not." *Id.* (citing at *Merriman*, 407 S.W.3d at 248; *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007) (per curiam); *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005)).

"When a party files a combined no-evidence and traditional motion for summary judgment, we generally consider the no-evidence motion first." *Id.* (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)). "A properly filed no-evidence motion shifts the burden to the nonmovant to present evidence raising a genuine issue of material fact supporting each element contested in the no-evidence motion." *Id.* (citing *Wal-Mart Stores, Inc. v. Xerox State & Loc. Sols., Inc.*, 663 S.W.3d 569, 576 (Tex. 2023)). "If the nonmovant fails to meet its burden under the no-evidence motion, there is no need to address the challenge to the traditional motion as it necessarily fails." *Id.* (citing *Merriman*, 407 S.W.3d at 248).

"To defeat a no-evidence motion, the nonmovant must produce evidence raising a genuine issue of material fact as to the challenged elements." *Id.* (citing *Ridgway*, 135 S.W.3d at 600). "A genuine issue of material fact exists if the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Id.* (quoting *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997))). "The evidence does not create an issue of material fact if it is 'so weak as to do no more than create a mere surmise or suspicion' that the fact exists." *Id.* (quoting *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875

7

(Tex. 2014) (quoting *Ridgway*, 135 S.W.3d at 601)). A trial court does not err by granting a no-evidence motion for summary judgment if

> (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.

*Id.* at *4 (quoting *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharms., Inc.*, 953 S.W.2d at 711)).

## III.     The Trial Court Properly Sustained LFA's No-Evidence Challenges

King raised causes of action for negligent misrepresentation, common law fraud, breach of contract, and deceptive trade practices. LFA's motion for summary judgment argued that King had no evidence of those claims. "Under Rule 166a(i), a no-evidence motion for summary judgment 'must' be granted 'unless the respondent produces summary judgment evidence raising a genuine issue of material fact.'" *Flynn v. Haltom City Econ. Dev. Corp.*, No. 02-24-00214-CV, 2025 WL 421243, at *8 (Tex. App.—Fort Worth Feb. 6, 2025, no pet.) (mem. op.) (quoting TEX. R. CIV. P. 166a(i) (amended 2026) (current version at TEX. R. CIV. P. 166a(h)(3)). Once LFA filed its no-evidence motion for summary judgment, the burden shifted to King to produce evidence raising a genuine issue of material fact on the elements of her claims.

### A.     King's No-Evidence Summary Judgment Response Did Not Meet Her Burden

LFA's reply to King's summary judgment response complained that King's response failed to cite, designate, or otherwise point to the portions of her deposition that supported her claims and argued that her declaration was "riddled with unsubstantiated factual conclusions."

8

King's four-page summary judgment response was cursory, only generally cited to her declaration and testimony, and stated in conclusory fashion that they showed there was evidence of her claims. Yet, "[m]erely citing generally to voluminous summary judgment evidence in response to . . . a no-evidence . . . motion for summary judgment is not sufficient to raise an issue of fact to defeat summary judgment." *Bich Ngoc Nguyen v. Allstate Ins. Co.*, 404 S.W.3d 770, 776 (Tex. App.—Dallas 2013, pet. denied) (citing *Leija v. Laredo Cmty. Coll.*, No. 04-10-00410-CV, 2011 WL 1499440, at *5 (Tex. App.—San Antonio, Apr. 20, 2011, no pet.) (mem. op.) ("When a summary judgment respondent fails to direct the reviewing court to specific summary judgment evidence, a fact issue cannot be raised sufficient to defeat summary judgment."); *Kastner v. Gutter Mgmt. Inc.*, No. 14-09-00055-CV, 2010 WL 4457461, at *3 (Tex. App.—Houston [14th Dist.] Nov. 4, 2010, pet. denied) (sub. mem. op.) ("Blanket citation to voluminous records is not a proper response to a no-evidence motion for summary judgment.")). "Therefore, a party submitting summary judgment evidence 'must specifically identify the supporting proof on file that it seeks to have considered by the trial court.'" *Id.* (quoting *Arredondo v. Rodriguez*, 198 S.W.3d 236, 238 (Tex. App.—San Antonio 2006, no pet.)).

Where, as here, there is an "absence of any guidance from the non-movant where the evidence can be found, the trial and appellate courts are not required to sift through voluminous deposition transcriptions in search of evidence to support the non-movant's argument that a fact issue exists." *Id.* (quoting *Aguilar v. Morales*, 162 S.W.3d 825, 838 (Tex. App.—El Paso 2005, pet. denied)); *see Chrissos v. PlainsCapital Bank*, No. 13-23-00532-CV, 2025 WL 3187169, at *17 (Tex. App.—Corpus Christi–Edinburg Nov. 13, 2025, pet. denied) (mem. op.). As a result,

the trial court could have granted LFA's no-evidence motion based on King's insufficient response alone. Even so, we discuss the evidence related to each of King's causes of action separately.

### B.    Negligent Misrepresentation

King's summary judgment response wholly failed to address LFA's argument that King had no evidence to support a negligent misrepresentation claim. As a result, the trial court's grant of LFA's no-evidence motion on this claim was proper. *See Bich Ngoc Nguyen*, 404 S.W.3d at 776; *Westley v. Nilsson*, No. 02-19-00391-CV, 2021 WL 3085750, at *2 (Tex. App.— Fort Worth July 22, 2021, no pet.) (mem. op.); *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Lazenby v. Lexus of Clear Lake*, No. 14-05-00573-CV, 2006 WL 462134, at *1 (Tex. App.—Houston [14th Dist.] Feb. 28, 2006, pet. denied) (mem. op.).

### C.    Common Law Fraud

As for King's common-law fraud claim, King had to prove that

> (1) [the defendant] made a material misrepresentation; (2) [the defendant] knew the representation was false or made the representation recklessly without any knowledge of its truth; (3) [the defendant] made the representation with the intent that [the plaintiff] would act on that representation or intended to induce [her] reliance on the representation; and (4) [the plaintiff] suffered an injury by actively and justifiably relying on that representation.

*Lloyd Walterscheid & Walterscheid Farms, LLC v. Walterscheid*, 557 S.W.3d 245, 261(Tex. App.—Fort Worth 2018, no pet.) (citing *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 217 (Tex. 2011)).

10

King attached her own declaration to her response, but "[a]ffidavits . . . opposing a motion for summary judgment must set forth facts, not legal conclusions." *Trinity River Ests., L.P. v. DiFonzo*, No. 02-08-393-CV, 2009 WL 1506928, at \*3 (Tex. App.—Fort Worth May 28, 2009, no pet.) (mem. op.) (citing *Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex. 1984)). This is because "[a] conclusory statement is one that does not provide the underlying facts to support the conclusion, and it is insufficient to create a question of material fact to defeat summary judgment." *Id.* (citing *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 803 (Tex. 2004); *McIntyre v. Ramirez*, 109 S.W.3d 741, 749–50 (Tex. 2003)). "To constitute competent summary judgment evidence, the testimony must provide an explanation linking the basis of the conclusion to the facts." *Id.* (citing *Windsor v. Maxwell*, 121 S.W.3d 42, 49 (Tex. App.—Fort Worth 2003, pet. denied)).

King's response to the no-evidence motion raised three alleged misrepresentations. King argued that LFA misrepresented that the machine was in stock in November 2020, but King did not show either that (1) LFA knew the representation was false or made the representation recklessly without any knowledge of its truth, or (2) she suffered any damages from the alleged misrepresentation since she accepted delivery of the machine in 2021.

Next, King argued that LFA represented that it would offer lifetime technical support on its website and in its manual. However, in the face of LFA's no-evidence motion, King failed to produce any statement from LFA offering lifetime technical support. Because she provided no underlying facts that LFA promised lifetime technical support, her declaration on this matter was conclusory.

11

Lastly, King alleged that LFA misrepresented that the machine "would work as represented," but King did not further specify what that meant or how LFA fell short of providing a machine that would work in accordance with its manual. This rendered her allegation that the machine did not work "as represented" conclusory as well. Instead, King's declaration shows that the machine did not work because King "purchase[d] a phase converter for [a] DELTA 380v-50Hz, rather than a WYE (220v, 3-phase, 60Hz)."

Because King's summary judgment evidence failed to raise a genuine issue of material fact, we find that the trial court properly granted LFA's no-evidence motion for summary judgment on King's common law fraud claims.

### D. DTPA

King's third cause of action was under the DTPA, which prohibits "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce." *Everett v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 857 (Tex. App.—Fort Worth 2005, no pet.) (alteration in original) (quoting TEX. BUS. & COM. CODE ANN. §§ 17.46(b)(5), (7), (13), (22), (24), 17.50(a)(1)). "To recover under the DTPA, the plaintiff must show that (1) [s]he is a consumer, (2) the defendant engaged in a false, misleading, or deceptive act, and (3) the act constituted a producing cause of economic damages or damages for mental anguish." *Id.* (citing TEX. BUS. & COM. CODE ANN. § 17.50(a)(1); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995)).

On this matter, King's no-evidence summary judgment response simply stated, "The evidence set forth in her declaration and deposition clearly meets the elements for her cause of action un[der] the DTPA, specifically as to [LFA] misrepresenting that the machine was in stock,

12

that it would work as represented, and there was lifetime support." This conclusory response failed to set forth the facts forming the basis of her conclusion. As explained above, King's affidavit and summary judgment evidence failed to show that (1) she suffered any damages from the machine not initially being in stock, (2) LFA made a promise of providing lifetime technical support, and (3) the machine did not work in accordance with its manual.

We find that the trial court properly granted LFA's no-evidence motion for summary judgment on King's DTPA cause of action because King failed to bring forth more than a scintilla of evidence to support each element of this claim.[3]

E.      **Breach of Contract**

King's last claim was for breach of contract. "To prevail on a breach of contract claim, the plaintiff must plead and prove (1) a contract existed between the parties; (2) the contract created duties; (3) the defendant breached a material duty under the contract; and (4) the plaintiff sustained damages." *Pena v. Smith*, 321 S.W.3d 755, 759 (Tex. App.—Fort Worth 2010, no pet.). King's summary judgment response stated that LFA breached its contract because "[t]he machine delivered was not the machine ordered and contracted for." Yet, the evidence shows that King ordered a "FACF Automatic Capsule Filler-FACF-400," received the manual for the

---

[3]Also, a DTPA cause of action "must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice." TEX. BUS. & COM. CODE ANN. § 17.565. King's deposition reveals that she was aware that the machine was not in stock three weeks after purchasing the machine in November 2020. After the machine was installed but not working in October 2021, King testified that she knew "[r]ight away" that she was not getting the technical support she thought she would. On November 4, 2021, King believed the machine had experienced an "equipment failure[]." Even so, King waited until the two-year period expired to raise her DTPA claims.

machine, and received that model machine. Nothing in the record shows that King did not get the machine she ordered.

King also alleged that LFA breached the contract because the machine was not in stock, there was no lifetime support, and it did not work as represented. However, King failed to point to any portion of any contract that LFA allegedly breached. The terms and conditions of the contract were provided to King on November 6, 2020. Those terms and conditions made no representation that the machine was in stock or that there was lifetime support. Specifically, LFA's return policy shows that the machine could be returned "within [fourteen] days" and nothing shows that King even tested the machine during that period. Also, LFA's warranty was effective for "[o]ne year from the original purchase date," expired in November 2021, and did not cover "[d]amage caused by improper installation, improper or abnormal use, misuse, [or] neglect." Had King wanted to take advantage of the warranty, the terms and conditions required her to ship the machine to LFA at her own expense, which she did not do.

We find that the trial court properly ruled that King failed to raise a genuine issue of material fact on her breach of contract claim.

In sum, we find that the trial court's no-evidence summary judgment against King was proper.

## IV. Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:    March 26, 2026
Date Decided:    April 29, 2026